1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11   HARSHAD SHAH,                    )        CASE NO.  SACV 21-027CJC
                                      )
12              Petitioner,           )
                                      )        ORDER DENYING MOTION TO
13       v.                           )        RECUSE
                                      )
14   UNITED STATES OF AMERICA,        )
                                      )
15              Respondent.           )
                                      )
16                                    )
                                      )
17   _____)

18              On January 8, 2021, petitioner Harshad Shah ("Shah") filed a petition

19   for a writ of habeas corpus pursuant to 18 U.S.C. § 2255.  (Docket No.  2.)

20   Although the petition was not styled as a motion for recusal, Shah invoked the

21   recusal statute, 28 U.S.C. § 455.  Based thereon, pursuant to General Order 19-03,

22   the petition was  assigned to the undersigned for consideration of the request for

23   recusal.  (Referral of Motions to Disqualify Judge, Docket No. 7.)

24

25              The Court struck the original Motion for violations of the Local

26   Rules.  (Docket No. 8.)  A separate motion for recusal was then filed.  (Docket

27   No.  11.)  The Court rules on that Motion,

28

              For the reasons set forth below, the Court denies the Motion.

I.        Background.[1]

          This is a habeas petition brought by Petitioner pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)  Shah asserts, "The dangerous probability that Harshad Shah may have been convicted by a jury because of the specter of racial animus, brings the propriety of this conviction into serious doubt."  (Motion, p. 8.)  He then asserts that the District Judge "has already been burdened with at least another instance of an appearance of apparent racial bias."  (Id.)  He cites a newspaper article reporting that the District Judge stepped down as Chief Judge after a racially insensitive remark to a court employee.  Without specifically advancing them as a basis for recusal, Shah references a number of rulings in the underlying proceeding which were adverse to Shah, including failure to *sua sponte* order a competency evaluation.  (Id., p. 4.)  During the course of one of hearing related to the competency issue, the District Judge stated:

> And now I have a record where I don't know if Dr. Shah's
> condition is serious or not. But I know he's lied to me,
> and I know he's lied to his attorneys , and he's put you [his
> attorneys] in a very embarrassing situation where on the eve
> of trial he exposes you to make you look like fools . I'm just
> – I'm just calling it as I see it.

(Docket No. 10, Ex. B, p. 19.; emphasis added.)

---

[1]The Court acknowledges that Shah may have waived his right to make a recusal challenge. United States v. Shah, United States Court of Appeals for the Ninth Circuit, No. 17-50383 (Apr. 15, 2019) Memorandum, p. 6.  Certain of the allegations here were not before the Ninth Circuit. Moreover, the Court makes its analysis on the basis of the totality of the record.

II.      Disqualification under Section 455.

Section 455 of Title 28 is the principal recusal statue.

A.  Section 455(a).

Section 455(a) provides a broad, fact-driven rule for disqualification: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification.  Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir. 1989).

B.  Disqualification under Section 455(b).

Section 455(b)(1) provides for disqualification where a judge has " a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  (28 U.S.C. § 455(b)(1).)  For present purposes, "personal bias" means a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation.  Craven v. Unites States, 22 F.2d 605, 607 (1st Cir. 1927); accord United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979).  It is an "attitude toward [the challenging party] that is significantly different from and more particularized than the normal general feeling of society at large."  Mims v. Shapp, 541 F.2d 415, 417 (10th Cir. 1977).

III.     Discussion.

1       There is no basis to recuse the  District Judge based on past rulings
2    adverse to Shah.  While Petitioner may have a reasoned basis to the challenge the
3    rulings of the District Judge, that does not suffice.  <u>Litkey</u>, 510 U.S. at 555.
4    Opinions which the District Judge forms during a case, including an opinion
5    concerning Shah's veracity, do not constitute an extrajudicial source. He does not
6    allege or cite any basis for personal prejudice or bias from any extrajudicial
7    source.  It is black-letter law that bias cannot arise from what a judge learns during
8    the course of a litigation.  <u>Liteky</u>, 510 U.S. at 555-56; <u>United States v. Grinnel</u>
9    <u>Corp.</u>, 384 U.S. 563, 583 (1966).

10

11      With regard to alleged racial prejudice, Shah makes no  effort to tie
12   his claim that he was convicted as a result of racial prejudice to any act of the
13   District Judge during the course of the trial.  Beyond that, one extrajudicial
14   comment which exhibited racial insensitivity is not a basis for recusal.  The
15   comment related to the George Floyd police killing in Minneapolis.  It did not
16   reflect in itself bias on a racial basis toward the court employee, Blacks, or people
17   of color in general.

18

19      The Court finds no basis to conclude that there is bias in fact in this
20   case or that a reasonable person would conclude that the District Judge is biased
21   based on appearance.

22

23

24

25

26

27

28

1

IV.    Conclusion.

2

3

For reasons set forth above, the Motion to recuse the District Judge is

4

denied.

5

6

7

Dated: January 19, 2021

James V. Selna
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5